UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PHILLIP LITTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-00234-JMS-DKL |
| ) | |
| RICHARD BROWN Superintendent of ) | |
| Wabash Valley Correctional Facility, et al., ) | |
| ) | |
| Defendant. ) | |

**Entry on Motion to Compel, Motion for Leave to file an Amended Complaint, and Motion for Preliminary Injunction**

**I.**

The Court authorized the plaintiff to conducted limited discovery for the sole purpose of learning the identity of correctional officers who allegedly assaulted him. The plaintiff's motion to compel raises three issues regarding this discovery, and it [dkt. 16] is **granted in part** and **denied in part**.

First, the plaintiff asserts that he wanted the identities of not just those who participated in the cell extractions at issue, but also the identities of everyone who was involved in the procedures that occurred after the cell extractions, such as a subsequent strip search and medical treatment. Because this request is within the limited scope of authorized discovery—in that the request is made to identify potential defendants—the plaintiff's motion to compel is **granted** to the extent that the defendant must respond to this discovery request by **October 6, 2016**. Specifically, the defendant must respond to the plaintiff's request "to produce the identities of all staff members who were present at any and every stage of the cell-extraction procedure," including any post-extraction procedures such as a strip search or medical treatment. [Dkt. 16 at 2.]

Second and third, the plaintiff requests that the defendant be ordered to provide the sex of each correctional officer involved and states that the account of each defendant's conduct is too vague. Both of these requests are outside the scope of the limited discovery authorized by the Court to identify the appropriate defendants for this action so that the plaintiff could file an amended complaint. While the information the plaintiff seeks may be relevant to the merits of his claims, it is unnecessary to identify the defendants in his complaint. Accordingly, these requests are **denied without prejudice**.

Given the foregoing ruling, the plaintiff's motion to file an amended complaint [dkt. 13] is **denied without prejudice**. Instead, the plaintiff must file an amended complaint after he receives the ordered discovery, and the amended complaint shall name all of the defendants the plaintiff wishes to sue in this action. The amended complaint must be filed no later than **October 21, 2016**.

## II.

The plaintiff's motion for injunctive relief [dkt. 14] is **denied**. The entirety of the plaintiff's motion is his request that, in light of his pleadings, that he be immediately transferred out of Wabash Valley Correctional Facility to another facility.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). To prevail on his motion, the plaintiff must establish: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation,* 430 F.3d 432, 437 (7th Cir. 2005).

The plaintiff has not even attempted to make these showings, thus his motion must be denied. But even if he had, the Court does not have the authority to order the plaintiff to be transferred to another correctional facility under the circumstances alleged. "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). It does not appear that, even if the plaintiff is successful on his excessive force and failure to protect claims, that ordering he be transferred to another facility would be the least intrusive means to correct these constitutional violation. This is especially true given that prison administration must be given "wide-ranging deference" in the operations of the prisons. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). For each of the foregoing reasons, the plaintiff's motion for injunctive relief is **denied**.

    **IT IS SO ORDERED.**

Date: September 22, 2016

                                  Hon. Jane Magnus-Stinson, Judge
                                  United States District Court
                                  Southern District of Indiana

Distribution:

PHILLIP LITTLER
121098
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronically Registered Counsel