UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PHILLIP LITTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00234-LJM-MJD |
| ) | |
| RICHARD BROWN Superintendent of ) | |
| Wabash Valley Correctional Facility, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Summary Judgment**

Plaintiff Phillip Littler, who at all relevant times was and remains incarcerated at Wabash Valley Correctional Facility, brought this action pro se against several correctional officers and two Medical Defendants, Nurse Bender and Corizon, Inc. The plaintiff alleges that the correctional officers used excessive force against him during a cell extraction on November 13, 2015, and the Medical Defendants are liable for their failure to provide medical treatment for his injuries sustained during that extraction.

Only the Medical Defendants asserted the affirmative defense that the plaintiff failed to exhaust his administrative remedies before filing this action as required by the Prison Litigation Reform Act ("PLRA"). Before the Court is the Medical Defendants' motion for summary judgment on this affirmative defense. The plaintiff has responded. For the reasons explained below, the Medical Defendants' motion for summary judgment is **denied** because there are issues of material fact that must be resolved at a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

## I.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The exhaustion requirement "is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). Moreover, the "exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy." *King*, 781 F.3d at 893.

"At the same time, the [PLRA] requires exhaustion only of remedies that are 'available.'" *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement," and if they do, their conduct can make the remedy process "unavailable." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Administrative remedies are primarily 'unavailable' to prisoners where 'affirmative misconduct' prevents prisoners from pursuing administrative remedies." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("[W]hen prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality.").

The Grievance Process in effect during the relevant time required the plaintiff to (1) file an informal grievance; (2) file a formal grievance; and (3) file a grievance appeal. The Medical Defendants present evidence that the plaintiff submitted only one grievance regarding the cell extraction at issue in this case, and it only complained of excessive force during the extraction, not

deficient medical care. The plaintiff presents evidence—by way of his own statements sworn under the penalty of perjury—that the Grievance Specialist refused to file his grievance regarding his medical care because he had already filed a grievance regarding the cell extraction. The plaintiff asserts that the policy at Wabash Valley is that an inmate can only file one grievance per occurrence, even if, as here, the inmate wishes to grieve about entirely different aspects of a single occurrence. The Grievance Specialist invoked this policy, the plaintiff says, when she refused to accept his grievance.

In short, there is a factual dispute between the parties as to whether the administrative remedy process was available to the plaintiff regarding his medical claims stemming from the November 13, 2015, cell extraction. As noted above, inmates must only exhaust administrative remedies that are "available." *King*, 781 F.3d at 893. And administrative remedies are unavailable when "prison officials prevent inmates from using the administrative process." *Kaba*, 458 F.3d at 684; *see Hernandez*, 814 F.3d at 842. If, as the plaintiff attests, the Grievance Specialist refused to accept his grievance regarding his medical treatment following the cell extraction at issue, he was prevented from using the administrative remedy process, making it unavailable to him. The parties' dispute regarding the availability of the administrative remedy process cannot be resolved on summary judgment; it must instead be resolved at a *Pavey* hearing.

## II.

The Medical Defendants' motion for summary judgment, dkt. [64], is **denied** for the reasons set forth above. A *Pavey* hearing will be set by separate entry. The action remains stayed except for activities associated with the development and resolution of the affirmative defense that the plaintiff failed to exhaust his administrative remedies as to the Medical Defendants, or any

other matter directed by the Court. If the Medical Defendants wish to withdraw their affirmative defense in lieu of having a *Pavey* hearing, they must do so by **April 17, 2017**.

The Court will attempt to recruit volunteer counsel to assist the plaintiff with the *Pavey* hearing. **The Magistrate Judge is requested to hold a pre-*Pavey* status conference once the Court has recruited counsel to assist the plaintiff with the *Pavey* hearing.**

The plaintiff's motion to compel discovery regarding the issue of exhaustion, dkt. [77], is **denied without prejudice**. The plaintiff will be given an opportunity to conduct discovery, if it is required, prior to the *Pavey* hearing.

**IT IS SO ORDERED.**

Date: __4/11/2017__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

PHILLIP LITTLER
121098
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391