UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PHILLIP LITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00234-WTL-DLP |
| | ) | |
| RICHARD BROWN, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR LEAVE TO AMEND
COMPLAINT, DIRECTING FURTHER PROCEEDINGS, AND DENYING
MOTIONS FOR SUMMARY JUDGMENT AS MOOT**

This matter is before the Court on Plaintiff Phillip Littler's motion for leave to file a second amended complaint, Dkt. No. 189. Mr. Littler seeks to amend his complaint to add claims against two defendants, Lieutenant Laurie Petty and Major Dusty Russell.

To date, this action has proceeded with Eighth Amendment excessive force, failure-to-intervene, and conditions-of-confinement claims against several correctional officers. These claims include allegations that officers forcibly removed Mr. Littler from his cell, beat him, stripped him naked, forcibly bathed him, and paraded him naked in front of other inmates and prison staff.

The proposed second amended complaint alleges that Lieutenant Petty and Major Russell were involved in the cell extraction and ordered other officers to use gratuitous force to bathe Mr. Littler and then parade him naked in front of other inmates and prison staff. It further alleges that Major Russell knew that Mr. Littler was being assaulted routinely by prison staff but took no action to stop the assaults.

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). "The Supreme Court has interpreted [Rule 15(a)(2)] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But when, as here, a plaintiff moves to amend his complaint after the deadline set by the Court, the Court applies the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id.* at 720.

Mr. Littler acknowledges that this motion for leave to amend comes late in the proceedings. However, his motion asserts that he attempted to identify all participants in the cell extraction through discovery and that the state defendants' responses did not identify Lieutenant Petty. Mr. Littler further states that he first identified Lieutenant Petty as a participant after the state defendants only recently gave him an opportunity to view video of the extraction. At that time, Mr. Littler says, another correctional officer informed him of Major Russell's role in the incident.

The state defendants do not dispute that Mr. Littler timely attempted to identify all participants in the extraction through discovery, that their discovery responses did not identify Lieutenant Petty or Major Russell, or that Lieutenant Petty can be seen participating in the extraction on the video. They also do not suggest that Mr. Littler had an earlier opportunity to review the video or identify Lieutenant Petty or Major Russell by different means. Instead, they

2

argue that any claims against the new defendants would be screened out pursuant to 28 U.S.C. § 1915A(b) and that permitting amendment at this late stage would unduly prejudice the defendants.

The new allegations in the proposed second amended complaint are more than sufficient to support plausible Eighth Amendment claims against Lieutenant Petty and Major Russell. In short, it alleges that they ordered correctional officers to use excessive force against Mr. Littler. It remains to be seen whether evidence will substantiate those allegations, but the allegations are sufficient to state viable Eighth Amendment claims.

As to prejudice, the Court is not eager to permit amendment at this late stage in the litigation, and the Court recognizes that the defendants moved for summary judgment months ago. However, the docket also reflects that the defendants moved for summary judgment before satisfying all of Mr. Littler's discovery requests. Mr. Littler's good cause for amending the complaint—that is, his late receipt of information he sought timely in discovery—outweighs the prejudice that the amendment will work upon the defendants. Further, the Court finds that prejudice may be mitigated by a schedule that permits only a brief period for new discovery necessitated by the addition of these two new defendants before moving quickly to dispositive motions.

For the reasons stated above, Mr. Littler's motion for leave to file a second amended complaint, Dkt. No. 189, is **granted**. The **clerk is directed** to docket pages 5–11 of Dkt. No. 189 as the second amended complaint. Due to the amendment, the defendants' motions for summary judgment, Dkt. Nos. 107 and 117, are **denied as moot**.

The Court will screen the second amended complaint in a separate order.

**IT IS SO ORDERED.**

Date: 8/14/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

PHILLIP LITTLER
121098
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

Ryan J. Guillory
OFFICE OF ATTORNEY GENERAL CURTIS HILL
ryan.guillory@atg.in.gov